**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL NO. 5:11CV184-RLV-DSC**

| | |
|---|---|
| SSC STATESVILLE MAPLE LEAF OPERATING COMPANY, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM P. MORGAN, JR., )<br>Administrator of the Estate of )<br>DOROTHY MAE LAW )<br>MORGAN, deceased, )<br>)<br>Defendant. )<br>) | **MEMORANDUM AND RECOMMENDATION AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff's "Motion to Compel Arbitration" (Doc. 5) and the parties' associated briefs and exhibits. (Docs. 5-1, 9 and 10).

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the Motion is ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Plaintiff's Motion to Compel Arbitration and Stay Proceedings be **GRANTED**, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On January 5, 2011, Defendant William P. Morgan, Jr., pursuant to a general power of attorney, executed a "Resident Admission and Financial Agreement" ("Admission Contract") to obtain care for his mother, Dorothy Mae Law Morgan, at Plaintiff SSC Statesville Maple Leaf Operating Company, LLC ("Statesville facility"). Defendant also signed an optional "Agreement

for Dispute Resolution Program" ("DRP") pursuant to the power of attorney. The DRP contains an arbitration agreement ("Arbitration Agreement").

The DRP is a stand-alone document containing the caveat "**PLEASE READ CAREFULLY**" on the first page. Doc. 1-2. The DRP delineates a three-step process for resolving disputes between residents and the Facility, with the goal of "enhanc[ing] the quality of care that is provided to [Statesville's] residents, and to resolve any disagreements about care and other services that [the Facility] provide[s] and that may arise." Id. at 1. The DRP explains that it "is valuable to all parties because it offers a streamlined process to settle disagreements. DRP increases the likelihood that disagreements can be resolved more quickly and less expensively than by litigation and that residents themselves will actually benefit from faster resolution of disagreements. Participation in DRP also helps to reduce the costs of health care for everyone." Id.

The DRP expressly provides that:

> YOU AGREE THAT YOUR PARTICIPATION IN THE DRP WILL BENEFIT AND ***BIND YOUR FAMILY, HEIRS, SUCCESSORS, ASSIGNS, INSURERS, TRUSTEES, AND/OR YOUR LEGAL REPRESENTATIVES, INCLUDING THE PERSONAL REPRESENTATIVE OR EXECUTOR OF YOUR ESTATE***; AND HIS/HER SUCCESSORS, ASSIGNS, AGENTS[,] INSURERS, TRUSTEES AND REPRESENTATIVES. ***BY AGREEING TO PARTICIPATE ALL DISAGREEMENTS MUST BE RESOLVED THROUGH THE DISPUTE RESOLUTION PROGRAM***. LIKEWISE, THE FACILITY AND ALL OF ITS PARENTS, AFFILIATE, SUBSIDIARY COMPANIES OWNERS, OFFICERS, DIRECTORS, EMPLOYEES, SUCCESSORS, ASSIGNS, AGENTS, INSURERS AND REPRESENTATIVES WILL BE REQUIRED TO RESOLVE DISAGREEMENTS PURSUANT TO THIS PROGRAM.

Id. at 2 (all-caps in original; bold and italics added). The DRP also provides:

> **THIS AGREEMENT IS SUBJECT TO ARBITRATION [OF] DISPUTES.**
>
> **BY AGREEING TO HAVE ALL DISAGREEMENTS RESOLVED THROUGH THE DISPUTE RESOLUTION PROGRAM, THE PARTIES AGREE TO WAIVE THE RIGHT TO A JUDGE OR A JURY TRIAL AND**

**TO HAVE THE DISPUTE RESOLVED THROUGH VARIOUS STEPS, CULMINATING IN A DECISION BY AN ARBITRATOR.**

Id. at 1 (all-caps and bold in original). The DRP also warns that "**THE ARBITRATOR'S DECISION IS FINAL AND BINDING, AND CANNOT BE APPEALED TO ANY STATE OR FEDERAL COURT, UNLESS PROVIDED FOR [BY] STATE OR FEDERAL LAW**." Id. at 6 (all-caps and bold in original).

Defendant filed a civil action in Iredell County Superior Court on September 9, 2011. In the state court action, Defendant alleges that Ms. Morgan resided at the Statesville facility from January 6, 2011 to January 26, 2011. Ms. Morgan died on January 27, 2011. Defendant asserts claims against Plaintiff for negligence and wrongful death (count IV) and negligence per se (count V). Both causes of action are directly related to the care and treatment Ms. Morgan received at the Statesville facility.

On December 22, 2011, Plaintiff filed a Complaint to Compel Arbitration here (Doc. 1). On June 1, 2012, Plaintiff filed the instant Motion to Compel Arbitration and Stay Proceedings (Doc. 5). Plaintiff argues that the claims brought by Defendant in the state court action are subject to the binding Arbitration Agreement. Defendant opposes Plaintiff's Motion on grounds that: (1) there is no valid contract between the parties; (2) the Arbitration Agreement does not apply to the claims of wrongful death beneficiaries; and (3) the DRP is unconscionable. Plaintiff's reply addresses those arguments and asserts that Defendant's claims are covered by the "Agreement for Dispute Resolution Program." Plaintiff's Motion has been fully briefed and is, therefore, ripe for determination.

## II. DISCUSSION OF CLAIMS

The Federal Arbitration Act ("FAA") establishes a policy favoring the enforcement of

3

written agreements to arbitrate. The FAA provides that arbitration clauses "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA requires courts to stay proceedings and compel arbitration in the event of a refusal to comply with a valid agreement to arbitrate. 9 U.S.C. § 3. The court must compel arbitration even if the disputed claims are exempted from arbitration or otherwise considered non-arbitrable under state law. Perry v. Thomas, 482 U.S. 483, 489 (1987) (state statute that required litigants to be provided a judicial forum for resolving wage disputes "must give way" to Congress' intent to provide for enforcement of arbitration agreements); Am. Gen. Life & Accident Ins. Co. v. Wood, 429 F.3d 83, 90 (4th Cir. 2005) (FAA preempts state law barring arbitration of certain claims).

The Supreme Court has held that "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 26 (1991) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983)). "Pursuant to that liberal policy, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone, 460 U.S. at 24-25; see also Choice Hotels Intern., Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 710 (4th Cir. 2001); Long v. Silver, 248 F.3d 309, 315-16 (4th Cir. 2001); O'Neil v. Hilton Head Hosp., 115 F.3d 272, 273-74 (4th Cir. 1997). The Fourth Circuit has stated that

> [T]he heavy presumption of arbitrability requires that when the scope of the arbitration clause is open to question, a court must decide the question in favor of arbitration. Thus, we may not deny a party's request to arbitrate an issue unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.

Long, 248 F.3d at 315-16 (internal citations omitted).

On the other hand, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960). See also AT & T Technologies, Inc. v. Communications Workers, 475 U.S. 643, 648 (1986); Johnson v. Circuit City Stores, Inc., 148 F.3d 373, 377 (4th Cir. 1998); Arrants v. Buck, 130 F.3d 636, 640 (4th Cir. 1997).

Therefore, prior to determining the scope of an arbitration agreement, the court must determine whether a valid agreement to arbitrate exists between the parties by applying "ordinary state-law principles that govern the formation of contracts." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995); see also Hill v. PeopleSoft USA, Inc., 412 F.3d 540, 543 (4th Cir. 2005). Specifically, "courts should remain attuned to well supported claims that the agreement to arbitrate resulted from the sort of fraud or overwhelming economic power that would provide grounds for the revocation of any contract." Gilmer, 500 U.S. at 33 (internal quotations and citations omitted). For instance, "generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening [9 U.S.C.] § 2." Doctor's Assocs., Inc. v. Casarotto, 517 U.S. 681, 687 (1996).

Arbitration is also favored by North Carolina courts. Tillman v. Commer. Credit Loans, Inc., 655 S.E.2d 362, 369 (N.C. 2008) (citing Cyclone Roofing Co. v. David M. LaFave Co., 321 S.E.2d 872, 876 (N.C. 1984). In North Carolina, "[a] two-part analysis must be employed by the court when determining whether a dispute is subject to arbitration: (1) whether the parties had a valid agreement to arbitrate, and also (2) whether the specific dispute falls within the substantive scope of that agreement." Munn v. Haymount Rehab & Nursing Ctr., Inc., 704 S.E.2d 290, 294 (N.C. Ct. App. 2010). Additionally, "[t]he law of contracts governs the issue of whether there exists an agreement to arbitrate"... and "the party seeking arbitration must show that the parties mutually

5

agreed to arbitrate their disputes." Id. (citing Harbour Point v. DJF Enters., 688 S.E. 2d 47, 50 (citations and quotation marks omitted)).

Applying these legal principles to the case at hand, the Court concludes that Defendant William P. Morgan, Jr. clearly had the authority to sign the DRP pursuant the "Power of Attorney" executed by his mother. Defendant's act of signing the agreement is sufficient to establish that the DPR is a valid agreement to arbitrate. North Carolina law generally requires that a contract must be signed only by the party to be charged or by some other person lawfully authorized. Bergman v. SSC Monroe Operating Co. LLC, No. 3:11-cv-494, 2011 WL 6296653, at *3 (W.D.N.C. Dec. 16, 2011) (citing River Birch Assoc. v. City of Raleigh, 388 S.E.2d 538, 551 (N.C. 1990); Carlton v. Anderson, 173 S.E.2d 783, 784 (N.C. 1970)). As the North Carolina Court of Appeals has observed, "[t]he FAA [Federal Arbitration Act] requires that agreements to arbitrate be in writing, however, **such agreements need not be signed**." Howard v. Oakwood Homes Corp., 516 S.E.2d 879, 882 (N.C. App. 2000) (emphasis added) (citing Real Color Displays, Inc. v. Universal Applied Technologies Corp., 950 F. Supp. 714 (E.D.N.C. 1997)). The DRP is signed by Defendant, the party to be bound, and is a valid and enforceable arbitration agreement under the controlling case law. There is nothing in the record before this Court indicating that the DRP is invalid.

With regard to Defendant's argument that the DRP should not apply to wrongful death claims under North Carolina law, the United States Supreme Court has held that under the Supremacy Clause, the FAA preempts state laws that seek to limit or prohibit the arbitration of certain claims. See Perry v. Thomas, 482 U.S. 483, 490-91 (1987). Consequently, Defendant's argument that the DRP should not apply to wrongful death claims under North Carolina law is unpersuasive. Furthermore, Defendant's claims for wrongful death and negligence stem directly from the care and treatment that Ms. Morgan received during her residency at the Statesville facility

6

and are clearly covered under the Arbitration Agreement.

With regard to Defendant's argument that the DRP is unconscionable, the Court finds that the DRP is neither procedurally or substantively unconscionable under North Carolina law. The DRP set forth in a separate document. It is conspicuously titled and its terms are plain and clear. The DRP is a total of eight pages long. Six pages are substantive and two are signature pages. Standard-sized typeface is used. Finally, the Arbitration Agreement was purely voluntary and not a precondition to Ms. Morgan's admission to the Facility. Doc. 5-1 at 1.

In sum, the undersigned finds that Plaintiff has shown that the parties reached a valid agreement to arbitrate and that the specific dispute falls within the scope of that agreement. Munn, 704 S.E.2d at 294. The undersigned also finds that there are no generally applicable contract defenses that may be applied to invalidate the Arbitration Agreement. Doctor's Assocs., Inc., 517 U.S. at 687.

Accordingly, the undersigned respectfully recommends that Plaintiff's Motion to Compel Arbitration and Stay Proceedings be **GRANTED**.

## III. ORDER

**IT IS ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's Motion to Compel Arbitration and Stay Proceedings (Doc. 5) be **GRANTED**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties; and to the Honorable Richard L. Voorhees.

**SO ORDERED.**

Signed: July 31, 2012

David S. Cayer
United States Magistrate Judge